Jeanne CHARTER; Steve Charter, Plaintiffs–Appellants,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant– Appellee,

Charles M. Rein; James E. Courtney; Randall P. Smith; Ed Lord; George Hammond; John Swanz; Keith Bales; Keystone Ranches, Inc.; Simplot Livestock Co.; Agri Beef Company; John R. Wilson; David True; Lyle Gray, Defendant–Intervenors Appellees,

v.

Darrell Abbott; Dave J. Able; Louise Ahart; Irv Alderson; Jess Alger; Justin Baisch; Shana Baisch; William P. Bandel; Joseph J. Barrett; Dominic Begger; John Benson; Earl Berlier; Wade Beruer; Reg Billing; Robert Bomhoff; James H. Bowers; David E. Bowman; Ceabrian Ranch, Inc; Mike Callicrate; Don H. Chafee; Bill Christison; Lee D. Clark, Jr.; Leah R. Cole; C.M. Coffee; Jerry Cossitt; Audrey Cox; Conrad L. Cox; Geral L. Cox; Robert Cox; Arthur Daniel; Brett Debruycker; Kay Debruycker; Lloyd Debruycker; David Deechant; Grant Dobbs; Mabel E. Dobbs; Les Duffner; John Dyer; Richard Eiguren Family Limited Partnership; Ronald Ferster; Peggy Ferster; Naomi Fink; Mark Fix; Alan Folda; Glenn Follmer; John Gaynor; Rick Golder; Richard Gosman; Ben W. Green; Bizz Green; Grant Greiman; Barr Gustafson; Doug Harrison; Gladys Harrison; Bert Hammond; Arlenee Hammond; Joseph Hanser; Jogn M. Heyneman; Gordon O. Hoberg; Stephen D. Hornady; Bill Huntsman; Evelyn W. Huntsman; Harry Humbert; Levi Jenkins; Carl R. Johnson; Fred H. Johnson; Vera–Beth Johnson; John E. Kelly; Kanara Ranch Co.; Noel Keogh; Art Kirby; John E. Kubesh; Peter J. Kuhr; Joseph T. Kurowski; William R. McKay; Gary Dean Malone; Walt Manuel; Judie Manuel; Dennis McDonald; Donald C. McElligott; Douglas S. McRae; William D. McRae; Jerry Mobley; Malcolm Moore; Ed C. Mott; Munrion Livestock, Inc.; David Nelson; Donald Nelson; Jamie D. Oberling; Jim Patrick; Margaretta Patrick; Ellen L. Pfister; Ronald E. Popekla; Robert G. Powell; Prairie Elk Trust; Elmer Quanbeck; Lyle Quick; Lincoln Reinhiller; Linda Rauser; Elwood Rave; William H. Rettig; Wayne Rolf; Melissa, Rolf; Rossetter

Limited Partnership; Russell Salisbury; Michael L. Schultz; Jack Seymour; David Shipman; Helen J. Shipman; Jerry Skinner; Lester Sluggett; Carol Sluggett; Michael Smith; Elaine Smith; Paul B. Smith; Jean K. Spannagel; James Stampfel; Gilles Stockton; Clair K. Streeter; Neil Strozzi; Glen M. Sylvester; Matt Thielen; Jay Tope; Marjories Townsend; Robert L. Trainer; Hugo Tureck; Judy Tureck; Joseph Verlanic; Harold E. Waller; Johnna Lee Williams; Brett Winderl; Monika Winderl; Charler Yarger; Alternative Energy Resources Organization; Intertribal Argriculture, Council; Dakota Resource Council; North Dakota Farmers for Profitable Agriculture; Northern Plains Resource Council; Powder River Basin Resource Council; Astro Sales International, Inc.; Austral Foods, Inc.; The Tupman Thurlow Co., Inc., Plaintiff–Intervenors–Appellants.

No. 02–36140.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 31, 2004.

Vacated May 27, 2004.

Resubmitted and Filed June 16, 2005.

Kelly J. Varnes, Hendrickson, Everson, Noennig & Woodward, P.C., Billings, Montana; Erik S. Jaffe, Erik S. Jaffe, P.C., Washington, D.C.; and Renee L. Giachino and Reid Alan Cox, Center for Individual Freedom, Alexandria, Virginia, for the plaintiffs-appellants.

Robert D. McCallum, Jr., Assistant Attorney General; William M. Mercer, United States Attorney; and Douglas N. Letter and Matthew M. Collette, Attorneys, Appellate Staff Civil Division, Washington, D.C., for the defendant-appellee.

Richard T. Rossier and Alex Menendez, McLeod, Watkinson & Miller, Washington, D.C., for the defendant-intervenors-appellees.

Patricia D. Peterman and James A. Patten, Patten, Peterman, Bekkendahl & Green, PLLC, Billings, Montana, for the plaintiff-intervenors-appellants.

Before: CANBY, WARDLAW, and GOULD, Circuit Judges.

## ORDER

This is a challenge to the constitutionality of the Beef Promotion and Research Act of 1985 ("the Act"), 7 U.S.C. §§ 2901–11, and the Beef Promotion and Research Order promulgated thereunder, 7 C.F.R. §§ 1260.101–1260.640. The district court entered judgment in favor of the United States Department of Agriculture, holding that the speech at issue is government speech and thus the Act does not violate either the appellants' free speech or association rights. *Charter v. USDA,* 230 F.Supp.2d 1121 (D.Mont.2002). We heard argument and submitted the appeal for decision on March 31, 2004. When the Supreme Court granted certiorari in *Johanns v. Livestock Marketing Ass'n,* —— U.S. ——, 125 S.Ct. 2055, —— L.Ed.2d —— (2005), we vacated submission pending the outcome in *Johanns* because the parties here challenged the Act on grounds identical to those asserted in *Johanns.* We now order the appeal resubmitted for decision.

In *Johanns,* the Supreme Court, like the district court here, first held that the speech at issue is "from beginning to end the message established by the Federal Government," *i.e.,* the Government's own speech. *Id.* at ——, 125 S.Ct. at 2061. Further, because the beef "checkoff" program promulgated under the Act funds the Government's own speech, the Court held

that the Act is not susceptible to a facial First Amendment compelled-subsidy challenge. *Id.* at ——-——, 125 S.Ct. at 2061–64. The Court nevertheless stated, without expressing a view on the point, that "if it were established ... that individual beef advertisements were attributed to respondents," such facts might form the basis for an "as applied" challenge. *Id.* at ——, 125 S.Ct. 2064. The theory would be one of compelled speech, *i.e.,* that because the speech is attributed to the individual respondents, the government unconstitutionally uses their endorsement to promote a message with which they do not agree. *Id.* Because the *Johanns* trial record was "altogether silent" on whether the individual respondents would be associated with speech labeled as coming from "America's Beef Producers," the Court held that "on the record before us an as-applied First Amendment challenge to the individual advertisements affords no basis on which to sustain the Eighth Circuit's judgment [in favor of respondents], even in part." *Id.*

Unlike in *Johanns,* the record in this case is not "altogether silent" on whether the individual appellants who are beef producers would be associated with the speech to which they object. For example, Jeanne Charter, one of the appellants, declared in an affidavit:

The checkoff [program] results in our being associated against our will with positions both political and economic, from the National Cattlemen's Beef Association (NCBA), the primary checkoff contractor. The NCBA routinely, before Congress, and in other public ways and in press announcements, states that it is the trade organization and marketing organization of America's one million cattle producers. We are not members of the NCBA, yet as cattle producers, we are associated with their messages. We are, likewise, associated with Mon-

tana Beef Council views endorsing highly processed beef products and disparaging natural beef as a waste of time. We believe such promotion devalues the product we raise.

In light of the Supreme Court's recognition (without expressing a view on the issue) that an attribution claim might form the basis for an as-applied First Amendment challenge to the Act, the district court's decision must be vacated and the case remanded for further proceedings to determine, among other things, whether speech was attributed to appellants and, if so, whether such attribution can and does support a claim that the Act is unconstitutional as applied. *Id.; see also id.* at —— n, 125 S.Ct. at 2064 (Thomas, J., concurring) (noting that, pursuant to Federal Rule of Civil Procedure 15, "on remand respondents may be able to amend their complaint to assert an attribution claim").

**VACATED AND REMANDED.**